UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAX, LLC, and )
TRAX INTERNATIONAL CORP., )
 )
   Plaintiffs, )
 )
  v. ) Case No. 10-CV-6901
 )
CONTINENTAL CASUALTY ) Judge John W. Darrah
COMPANY, )
 )
   Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, TRAX, LLC and TRAX International Corp. (collectively, "TRAX"), filed suit against Defendant, Continental Casualty Company ("Continental"), on October 26, 2010, alleging Continental breached its duty under an insurance policy to settle an underlying lawsuit: *nHance Technologies, Inc. v. TRAX, LLC, et al.*, No. 6:09-cv-00018, United States District Court for the Western District of Virginia ("*nHance* Action"). TRAX sought damages for Continental's purported failure to settle the *nHance* Action despite its duties under an insurance policy it issued. TRAX filed their Amended Complaint on June 27, 2011.

Both parties moved for summary judgment, and on December 14, 2011, partial summary judgment was awarded to Continental, with a ruling that Virginia law was applicable to the substantive issues in this dispute and that, therefore, Continental might not be required to pay the settlement costs relating to the *nHance* Action in its entirety but, rather, only the allocated portion of the claims deemed to be covered by the insurance policy. Following this ruling, a bench trial commenced on January 23, 2012, and concluded on January 25, 2012. On August 29, 2012, the Court ruled in favor of TRAX after the trial and found Continental breached its duty under the terms of the insurance policy. TRAX was awarded $1.95 million in damages from Continental, the value of the *nHance* Action settlement Continental was required to pay under the insurance policy, as well as prejudgment interest. Thereafter, Continental appealed the decision but later voluntarily dismissed the appeal pursuant to Fed. R. App. P. 42(b).

TRAX moves now for attorney fees. As Virginia law was previously determined to apply to the substantive issues of this case, both TRAX and Continental concede that Virginia law governs the issue of attorney fees. (Mot. at 3; Resp. at 1.) Continental objects to the fees, arguing that, under the applicable Virginia Fee Statute, Va. Code Ann. § 38.2-209(A), TRAX failed to demonstrate Continental acted in bad faith. Even if TRAX failed to show Continental acted in bad faith, Continental reasons, TRAX is not entitled to all of the fees asserted because some of the work was excessive, unnecessary, or duplicative. (Resp. at 1.)

# LEGAL STANDARD

Virginia statute provides for the award of attorney fees in insurance coverage cases. The law provides, in pertinent part:

> [I]n any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. *However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.*

Va. Code Ann. § 38.2-209(A) (emphasis added). Fees may be awarded under the statute where the court determines an insurer was not acting in good faith when it denied coverage. *Nationwide Mut. Ins. Co. v. St. John*, 524 S.E.2d 649, 651 (Va. 2000) (*St. John*). The Virginia Supreme Court determined that "§ 38.2-209 was intended to be both remedial and punitive and concluded that a standard of reasonableness should be applied in evaluating the conduct of the insurer." *Id.* (citing *Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 397 S.E.2d 105 (1990)). In determining if an insurer acted in bad faith, the court applies a standard of reasonableness, taking into consideration:

> whether reasonable minds could differ in the interpretation of policy provisions defining coverage and exclusions; whether the insurer had made a reasonable investigation of the facts and circumstances underlying the insured's claim; whether the evidence discovered reasonably supports a denial of liability; whether it appears that the insurer's refusal to pay was used merely as a tool in settlement negotiations; and whether the defense the insurer asserts at trial raises an issue of first impression or a reasonably debatable question of law or fact.

*St. John*, 524 S.E.2d at 651 (quoting *CUNA Mutual Insurance Society v. Norman*, 375 S.E.2d 724, 727 (1989) (*CUNA*)). The burden of showing the insurer's bad faith is

established by a preponderance of the evidence, and this burden is carried by the insured. *St. John*, 524 S.E.2d at 651. If it is determined that attorney fees shall be awarded, Local Rule 54.3 governs the award and the total amount.

## ANALYSIS

### *Pleading a Request for Fees*

Continental first argues TRAX is not entitled to fees because TRAX failed to plead fees, either by reference to bad faith or the Fee Statute. (Def. Resp. at 1.) Continental's procedural defect argument is unavailing. Virginia law does not provide for a separate bad-faith cause of action in insurance disputes.

> There is, however, a statute-based remedy allowing a court to award attorney's fees and costs if the insurer denies a claim in bad faith. *See* Va. Code Ann. § 38.2–209. The statute does not create a cause of action, but is merely a fee-shifting mechanism allowing for an award of costs and fees if 'the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.'

*Mass. Bay Ins. Co. v. Decker*, No. 7:11–cv–00342, 2012 WL 43614, at *1 (W.D. Va. Jan. 9, 2012) (citations omitted). Moreover, in the Prayer for Relief of the Amended Complaint, TRAX sought judgment "[f]or costs of suit, including reasonable attorneys' fees as may be allowed by case or statutory law or by agreement of the parties . . . ." (Am. Compl. Prayer for Relief ¶ 3.) With that request in the prayer for relief, Continental had sufficient notice that, regardless of what state's statutes applied, TRAX intended to recover attorney fees. Therefore, Continental's objection to the award of attorney fees on the basis of pleading is denied.

*Acting in Good Faith*

Next, a determination must be made as to whether or not Continental acted in bad faith such that TRAX is entitled to attorney fees under the Virginia statute. Several factors, as provided by the Virginia Supreme Court in its *CUNA* opinion, are considered in turn. 375 S.E.2d at 727.

<u>Could Reasonable Minds Differ in the Interpretation of the Policy?</u>

First, TRAX posits that reasonable minds could not differ in the interpretation of the Policy, arguing Continental's only reason for refusing to settle the *nHance* Action was that public policy discouraged restitution of profits in insurance coverage. (Mot. at 4.) However, Continental previously moved for summary judgment on the choice of law and was granted partial summary judgment when the Court determined that Virginia law applied to the case. Under Virginia law, it was further determined that the settlement was to be allocated between claims covered by the Policy and those claims not covered by the Policy. (Dec. 14, 2011 Mem. at 19-21.)

During the *nHance* settlement negotiations, it became apparent that Continental and TRAX disagreed as to whether or not the entire value of the *nHance* settlement was covered under the policy. To the extent a portion of the settlement was for a claim outside the scope of the Policy, Continental was not obligated to pay the settlement. After the bench trial regarding coverage, it was determined that the entire settlement was covered by the Policy. However, during the *nHance* settlement discussions, Continental informed TRAX of its position regarding the copyright infringement proceeds, claiming that nHance sought damages which amounted to restitution or a disgorgement of profits,

5

which Continental believed was excluded from coverage under the Policy. This position was ultimately unavailing, as the Copyright Act directly provides for the recovery of damages for infringement. (*See* Am. Aug. 29, 2012 Mem. at 12.) Despite the fact that this argument was rejected at trial, it cannot be said that no reasonable minds might have concluded that the so-called restitution of profits was prohibited by the Policy; rather, Continental was unable to show other *copyright* cases where the recovery of profits was uninsurable. Therefore, as to this factor, TRAX has failed to demonstrate, by a preponderance of the evidence, that no reasonable minds might differ in the interpretation of Continental's disgorgement theory.

<u>Whether Insurer Made Reasonable Investigation of the Facts</u>

It was apparent at trial that Continental had made a reasonable investigation of the underlying facts of the *nHance* Action and took the position that under Virginia law, certain of TRAX's claims could be denied coverage due to allocation and its view of the disgorgement of profits. Continental's position regarding its coverage was made increasingly clear as it exchanged correspondence with TRAX, including the high likelihood of TRAX's liability if the *nHance* Action proceeded to trial. (*See* Am. Aug. 29, 2012 Mem. Op. at 6-8.) While Continental's positions regarding the disgorgement of profits and the allocation failed at trial, they were not wholly unreasonable or utterly unsupported by the facts. TRAX characterizes Continental's investigation of the underlying facts as "superficial"; but the evidence at trial demonstrated Continental's genuine, though ultimately incorrect, consideration of the underlying issues in the *nHance* Action. Hence, this factor does not weigh in favor of finding Continental acted

6

in bad faith.

## Whether Evidence Reasonably Supported a Denial of Liability

The next factor to consider is whether or not the evidence of the *nHance* Action reasonably supported a denial of coverage on the part of Continental. While it was determined at trial that the entire action was covered by the Policy, Continental reasonably considered that some of the settlement might be apportioned to other claims, including the trade-secret misappropriation claim, other culpable individuals, and the value of the license granted in the settlement agreement for continued use of the misappropriated method. After careful consideration of the facts at trial, it was determined that no portion of the settlement was allocated to those other claims or parties. While Continental's position was ultimately unsuccessful at trial, TRAX fails to demonstrate, by a preponderance of the evidence, that Continental acted in bad faith, considering the evidence presented.

## Whether Refusal to Pay was a Settlement Tool

Next, the analysis turns to whether Continental's refusal to pay the *nHance* settlement in whole was simply a settlement tactic. TRAX argues Continental's coverage position was a tool to force TRAX into paying the *nHance* settlement. However, the evidence at trial demonstrated that Continental offered to contribute toward the settlement, rather than flatly refusing to provide any payment on the action. The fact that Continental reserved its rights and reiterated its position regarding coverage during the *nHance* negotiations does not prove that Continental acted in bad faith or asserted its position as a ploy to force TRAX into settlement. Rather, it was apparent to all parties

involved that the *nHance* Action was ripe for settlement, and TRAX intended to (and did) settle the action regardless of Continental's position. Continental did not refuse to pay the settlement in its entirety; it simply refused, during the settlement conference, to pay the entire amount sought by nHance, for the reasons set out above. Therefore, TRAX fails to show how Continental's assertion of its defenses was merely a tool in the settlement proceedings.

Whether the Insurer Asserted a Defense That Raised a Reasonable, Debatable Question

The last factor in the *CUNA* analysis is whether or not the defenses Continental raised at trial raised genuinely reasonable, debatable questions of fact or law. *CUNA*, 375 S.E.2d at 727. As discussed above, the defenses raised by Continental at trial were not unreasonable. There were genuine factual issues regarding the allocation of the claims and whether or not the *nHance* settlement discharged other uncovered claims and parties. The issue of whether or not the profits relating to the copyright infringement were to be treated as disgorged profits was also a debatable issue.

In sum, while Continental's arguments regarding allocation and disgorgement were ultimately unsuccessful at trial, they were neither altogether unreasonable nor clear indications of Continental acting in bad faith. As both parties acknowledge in their briefs, the Virginia Fee Statute, Va. Code Ann. § 38.2-209(A), governs this fee dispute and provides for the award of fees unless the court determines the insurer denied coverage or refused to make payments to the insured while "not acting in good faith." Va. Code Ann. § 38.2-209(A). TRAX has failed to demonstrate, by a preponderance of the evidence, that Continental failed to act in good faith when it asserted its defenses

8

against coverage. Hence, TRAX's Motion for Attorneys' Fees is denied.

## CONCLUSION

Based on the foregoing analysis, TRAX's Motion for Fees is denied.

Date: February 28, 2013

JOHN W. DARRAH
United States District Court Judge